Joseph LETARTE, Plaintiff–Appellant,

v.

ALASKA AIRLINES, INC.,; et al., Defendants–Appellees.

Joseph Letarte, Plaintiff—Appellee,

v.

Alaska Airlines, Inc., Defendant,

and

International Association of Machinists and Aerospace Workers, Local 601, Defendant–Appellant.

No. 03–35144, 03–35606.

United States Court of Appeals, Ninth Circuit.

Submitted July 6, 2004.*

Decided July 27, 2004.

Michael J. Walleri, Esq., Fairbanks, AK, for Plaintiff–Appellant.

Douglas S. Parker, Esq., Preston, Gates & Ellis, Anchorage, AK, Dmitri Iglitzin, Esq., David Charles Campbell, Esq., Schwerin Campbell & Barnard, LLP, Seattle, WA, Dennis P. Murphy, Esq., Anderson, Connell & Murphy, Bellingham, WA, for Defendants–Appellees.

Before: HALL, KLEINFELD, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Joseph Letarte appeals the district court's summary judgment dismissal of his claim for breach of the duty of fair representation against the International Association of Machinists Union. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Letarte has failed to show that the Union's representation was arbitrary, discriminatory, or performed in bad faith, as

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**570**

required in an action against a union for breach of the duty of fair representation.[1] He has not provided evidence of discrimination or bad faith in the Union's failure to provide him with a copy of the collective bargaining agreement, appoint a shop steward, or file a grievance on his behalf. Instead, he relies on a theory that these omissions were arbitrary failures to perform ministerial tasks.[2] Though the Union may have been lackadaisical in providing services to Fairbanks employees, its failings do not rise to the level of a breach of the duty of fair representation. Letarte did not submit evidence that the asserted failures "lack[ed] a rational basis,"[3] reflected a "reckless disregard of the employee's rights,"[4] or were "egregious, unfair and unrelated to legitimate union interests."[5] The Union's explanations for its actions may or may not excuse the alleged failures, but they do demonstrate that the Union's actions were not egregious, irrational, or reckless. "[M]ere negligence is not arbitrariness."[6] We thus affirm the grant of summary judgment for the Union.

Because we affirm the summary judgment for the reasons stated above, we need not reach the Union's alternative argument that Letarte's claim was time-barred.

AFFIRMED.

1. *Moore v. Bechtel Power Corp.,* 840 F.2d 634, 636 (9th Cir.1988).

2. *See id.; see also Marquez v. Screen Actors Guild, Inc.,* 124 F.3d 1034, 1043 (9th Cir.1997).

3. *Stevens v. Moore Bus. Forms, Inc.,* 18 F.3d 1443, 1447 (9th Cir.1994).

4. *Bechtel Power,* 840 F.2d at 636 (internal quotation omitted).

5. *Galindo v. Stoody Co.,* 793 F.2d 1502, 1514 n. 9 (9th Cir.1986) (internal quotation omitted).

6. *Bechtel Power,* 840 F.2d at 636.